# In the Missouri Court of Appeals Eastern District

**DIVISION FOUR**

| | | |
|---|---|---|
| S.C.,<br><br>Respondent,<br><br>vs.<br><br>GABE GORE, CITY OF ST. LOUIS CIRCUIT ATTORNEY, CHIEF ROBERT J. TRACY, ST. LOUIS METROPOLITAN POLICE DEPARTMENT, CHIEF OF POLICE,<br><br>Defendants,<br><br>COLONEL MICHAEL TURNER, SUPERINTENDENT MISSOURI STATE HIGHWAY PATROL,<br><br>Appellant. | ) | No. ED113332<br><br>Filed: December 16, 2025 |

**Appeal from the Circuit Court of the City of St. Louis**
**The Honorable Joseph P. Whyte, Judge**

This case involves the Missouri sex offender registry. We consider here whether the trial court properly found S.C. exempt from the registry and then whether it properly removed his name from it.

Exhibit A

On February 2, 2008, S.C. pleaded guilty in Delaware County, Indiana to two counts of sexual misconduct with a minor after he had sexual relations with two fifteen-year-old girls when S.C. was eighteen years old. S.C. later moved to Missouri and in 2022 he registered with Missouri's sex offender registry. On March 11, 2024, S.C. filed his petition[1] seeking the court's declaration that he is exempt from the registry and its order removing his name from the registry. In his petition, S.C. claims that he is exempt under section 589.400.9(1)(b).[2] That section exempts from the registry "[a]ny person currently on the registry" or "who otherwise would be required to register …," if their original crimes (1) did not involve force or any threat of force against the victim to engage in sexual conduct, (2) the victim was at least fourteen years old, and (3) the perpetrator was not more than four years older than the victim. The trial court agreed that S.C.'s Indiana crimes satisfied section 589.400.9(1)(b) and entered its judgment on S.C.'s petition, and ordered his name removed from the registry.

Now, the superintendent of the Missouri State Highway Patrol, Colonel Michael Turner,[3] appeals the trial court's judgment. Appellant Colonel Turner first argues that section 589.400.1(7) requires out-of-state sex offenders like S.C. to register in Missouri and that provision has no registration exemption. Second, Appellant claims the trial court

---

[1] S.C.'s petition properly named as respondents Colonel Eric T. Olson, the superintendent of the Missouri State Highway Patrol, as well as Chief Robert J. Tracy of the St. Louis Metropolitan Police Department as required by section 589.401.6. The petition also named the Circuit Attorney of the City of St. Louis, Gabe Gore, though section 589.401.8 requires only that the petitioner notify the Circuit Attorney of the petition's filing because the Circuit Attorney is entitled to participate in the litigation of the matter as detailed in section 589.401.
[2] All statutory references are to the Revised Statutes of Missouri (2016) unless otherwise noted.
[3] Upon Colonel Olson's retirement in late 2024, Colonel Turner became the superintendent of the Missouri State Highway Patrol and has been substituted as a party. Rule 52.13(d).

granted relief beyond its statutory authority because while section 589.400.9(1)(b)'s exemption may relieve an offender from having to register, it does not allow their name removed without satisfying section 589.401's removal requirements.

Resolution of Appellant's first point turns on the interplay among these several statutory provisions. First, we have the exemption, section 589.400.9(1)(b), that S.C. appears to satisfy on its face, i.e., he was currently on the registry and met the foregoing *no force* and *age* requirements. Next, we have the registration requirement for out-of-state sex crimes, section 589.400.1(7), which posits that if such offenses had been committed in Missouri and they satisfy the elements of one of the Missouri crimes listed in section 589.414, then the offender is required to register. Thus, the pivotal question becomes whether S.C.'s Indiana crimes satisfy the elements of one of the Missouri crimes the legislature listed in section 589.414.

Appellant limits its argument to just one of the crimes listed in section 589.414 – the "abuse of a child under section 568.060." So we likewise limit our analysis to that crime only. Thus, Appellant must show that in committing his Indiana crimes, S.C. "knowingly caused a child who is less than eighteen years of age: (1) [t]o suffer physical or mental injury as a result of abuse or neglect; or (2) [t]o be placed in a situation in which the child may suffer physical or mental injury as the result of abuse or neglect." Section 568.060.2.

We find that the trial court did not err in finding S.C. exempt from registration because S.C.'s Indiana offenses do not satisfy the elements of Missouri's crime of child abuse since he has not established that S.C. knowingly caused the Indiana victims to

suffer physical or mental injury. The Indiana crime at issue – sexual misconduct with a minor – is in the nature of a strict liability crime like Missouri's statutory rape crimes, sections 566.032 and 566.034, in which the perpetrator's *mens rea* and the victim's consent are irrelevant. *State v. Stokely*, 842 S.W.2d 77, 81 (Mo. banc 1992). Moreover, unlike child abuse in Missouri under section 568.060, S.C.'s Indiana crime lacks injury as an element.

Thus, S.C. did not have to register in Missouri. The trial court also did not err in ordering S.C.'s name removed because S.C. satisfied section 589.401's removal requirements and to hold otherwise would result in the absurdity that S.C. is exempt but his name must remain on the registry.

**Background**

S.C. pleaded guilty to two counts of sexual misconduct with a minor in Indiana for having sexual intercourse with two fifteen-year-old girls when he was eighteen years old. The Delaware County, Indiana trial court gave him a six-year jail sentence the execution of which it suspended, a one-year term of house arrest, and a five-year term of probation. The court notified S.C. he did not have to register as a sex offender in Indiana. Likewise, S.C. testified that he was not required to register under the federal Sex Offender Registration and Notification Act (SORNA) because that law only requires registration by those convicted of a "sex offense" and S.C.'s convictions are not considered "sex offenses" since (1) they did not involve the use of force or threat of force and (2) the victims were over age thirteen and S.C. was not more than four years older than either victim. 34 U.S.C. section 20911(5)(C).

After his Indiana guilty pleas, S.C. moved to Colorado where he lived for two years. He testified that he did not register there because Colorado law did not require it. S.C. then moved to Missouri and in April of 2022, he was convicted of a DUI in St. Charles County, Missouri, and placed on probation. Law enforcement told him at that time that he must register on the Missouri sex offender registry and he did so.

On March 11, 2024, S.C. filed the petition here for a declaration that he was exempt from the registry and for his name's removal from it. After a hearing, the trial court agreed by holding that S.C. satisfied section 589.400.9(1)(b)'s exemption and ordered S.C.'s name removed from the registry because he used no force or threat of force during his Indiana crimes and he was not more than four years older than either victim each of whom was older than age fourteen.

**Standard of Review**

"When reviewing a court-tried case, this Court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Smith v. St. Louis County Police*, 659 S.W.3d 895, 898 (Mo. banc 2023) (citing *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)). But we review questions of statutory construction de novo. *Shomaker v. Director of Revenue*, 504 S.W.3d 84, 86 (Mo. App. 2016).

**Discussion**

*Point One*

Appellant has correctly posited his first point – if S.C. is required to register under 589.400.1(7) because he committed an out-of-state sex crime that fits into one of the

Missouri crimes enumerated in section 589.414, then he must register regardless of the exemption. *See Selig v. Russell*, 604 S.W.3d 817, 825 (Mo. App. 2020). Since Appellant has limited himself to just one Missouri crime – child abuse under section 568.060 – and we find S.C.'s Indiana crime does not fit into that crime, we deny this point and find S.C. has established his exemption under section 589.400.9(1)(b).

"[T]he primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *Abduhamed v. Carol House Furniture, Inc.*, 711 S.W.3d 427, 432 (Mo. App. 2025) (internal citations omitted). Courts are not authorized to read legislative intent into a statute that is contrary to the intent made evident by the plain and ordinary meaning of the statutory language. *Id.* This Court must give effect to the language as written and not engage in statutory construction when the statutory language is clear and unambiguous. *Id.* In determining whether the language is clear and unambiguous, the standard is whether the statute's terms are plain and clear to one of ordinary intelligence. *Id.* This Court is required to read consistent statutes relating to the same subject harmoniously as a whole and in *pari materia* with related sections. *Id.*

We turn then to Missouri's child abuse crime and put our focus on the "physical or mental injury" element. Section 568.060.1(5) defines "physical injury" as "physical pain, illness, or any impairment of physical condition, including but not limited to bruising, lacerations, hematomas, welts, or permanent or temporary disfigurement and impairment of any bodily function or organ." "Mental injury" is "an injury to the intellectual or psychological capacity or the emotional condition of a child as evidenced by an

observable and substantial impairment of the ability of the child to function within his or her normal range of performance or behavior." Section 568.060.1(3). Finally, section 568.060.2 requires that the defendant *knowingly* cause the injury. *State v. Williams*, 712 S.W.3d 870, 878 (Mo. App. 2025).

Thus, in our judgment it is manifest that S.C.'s Indiana crimes do not fit into Missouri's crime of child abuse under section 568.060.2. The elements of S.C.'s two Indiana crimes are that he was at least eighteen years old and intentionally performed sexual intercourse with a child under the age of sixteen but at least fourteen. Ind. Code section 35-42-4-9(a) (2006). Not only is *injury* absent as an element but the record here does not support that S.C. knowingly caused either victim to suffer physical or mental injury in that there is no indication that the victims in fact suffered from physical injury (such as bruises, lacerations, etc.) or mental injury (such as any behavioral changes or impairment of their ability to function). These are essential elements of the abuse of a child statute and Appellant has failed to establish that S.C.'s Indiana crimes fulfill those elements.

S.C.'s crimes more closely resemble Missouri's statutory rape in that both are strict liability in nature and neither considers the victim's consent nor requires proof of an injury. *Compare Stokely*, 842 S.W.2d at 81 ("Statutory rape is a strict liability crime …") *with Williams*, 712 S.W.3d at 878 ("Section 568.060 criminalizes child abuse and neglect…"). The twist here is that Indiana and Missouri define these offenses differently such that S.C.'s Indiana crimes also do not match Missouri's statutory rape. Presumably,

this forced Appellant to seek to fit S.C.'s Indiana crimes into Missouri child abuse crime but the fit is like a round peg into a square hole.

So, S.C. is exempt from the registry under section 589.400.9(1)(b) and we deny Appellant's point one.

*Point Two*

Appellant next claims the trial court erred in ordering S.C.'s name removed from the registry because the exemption does not allow removal without meeting section 589.401's removal requirements and he did not meet those requirements. We disagree.

Section 589.401 is a lengthy provision governing petitions for removal from the registry. We get to section 589.401 because section 589.400.9 sends us there by specifically directing those like S.C. who are currently on the registry and who claim to be exempt from it to file their lawsuit pursuant to section 589.401. And S.C. did so.

To adequately assess Appellant's argument, we must again address S.C.'s exemption. To do so, we look to the plain and ordinary meaning of section 589.400.9's language "shall be *exempt* from registering." In this context, we understand *exempt* to mean "'not subject to an authority or jurisdiction' or 'free or released from some liability to which others are subject: excepted from the operation of some law or obligation.'" *Selig,* 604 S.W.3d at 826 (quoting MERRIAM-WEBSTER DICTIONARY, 795 (3rd ed. 1993)). Further, Black's Law Dictionary defines "exemption" as "freedom from a general duty or service" or "immunity from a general burden …." *Exemption*, Black's Law Dictionary (6th ed. 1991).

Based on our holding in point one, S.C. has satisfied these definitions, is "exempt from registering," and is entitled to seek his removal under section 589.401. And we find that to deny his removal from the registry ignores the plain language and would lead to an absurd result. *Townsend v. Jefferson County Sheriff's Dept.*, 602 S.W.3d 262, 265 (Mo. App. 2020) ("[W]e must construe statutes so as to avoid unreasonable, oppressive, or absurd results.").

For his part, Appellant relies on *Selig* because "[s]ection 589.400 distinguishes between offenses eligible for removal from the registry and those offenses which are exempt from the requirement to register." 604 S.W.3d at 826. We agree that exemption and removal are two distinct remedies but we find that to be a distinction without a difference in the context of this case because there is nothing in either section 589.400.9(1)(b) or section 589.401 that suggests that an exempt person cannot be removed.

We also find *Selig* to be more helpful to S.C.'s cause than to Appellant's. In *Selig*, the court found that the petitioner did not have to register as a sex offender before he could request an exemption because it was illogical to force an exempt person "to register before they can even request to be exempt." *Id.* It is equally illogical here to leave S.C.'s name on the same registry from which he is exempt. *Townsend*, 602 S.W.3d at 265. Therefore, we deny Appellant's second point.

## Conclusion

We affirm for the foregoing reasons.

James M. Dowd, Judge

Rebeca Navarro-McKelvey, Presiding Judge and
Gary M. Gaertner, Jr., Judge, concur.